NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNA DE LOS ANGELES PALACIOS-PALACIOS, et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-73043 <br><br> Agency No. A202-123-889 <br> A202-123-890 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2020**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,*** District
Judge.

Petitioner Reyna de Los Angeles Palacios-Palacios ("Palacios-Palacios")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

and her minor son, natives and citizens of El Salvador, seek review of the decision of the Board of Immigration Appeals ("BIA") denying asylum, withholding from removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and review both the Immigration Judge's ("IJ") and the BIA's decisions "[w]here, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).

**1.** We review denials of asylum and withholding of removal for substantial evidence, and to reverse we "must determine that the evidence not only *supports* a contrary conclusion, but *compels* it." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (citation omitted). Substantial evidence supports the BIA's conclusion that Palacios-Palacios is not eligible for asylum.

First, while Palacios-Palacios received several death threats and these types of threats alone can constitute persecution, the evidence here does not compel a finding that Palacios-Palacios suffered past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (noting that "cases with threats alone, particularly anonymous or vague ones, rarely constitute persecution").

Second, Palacios-Palacios argues she is eligible for asylum because she has

---

[1] Palacios-Palacios's minor son has a derivative asylum claim through Palacios-Palacios; his claim rises or falls with hers. *See* 8 U.S.C. § 1158(b)(3).

2

a well-founded fear of future persecution on account of her membership in the particular social group: "Salvadoran women who are single mothers with children, who own a small business in rural El Salvador, and whose partners are residing in the United States." We review de novo whether a particular social group exists and for substantial evidence that "a specific society recognizes a social group." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). Palacios-Palacios "must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (2014)). Based on the record, substantial evidence supports the BIA's finding that Salvadoran society does not recognize Palacios-Palacios's proposed social group. Palacios-Palacios has not provided any evidence that Salvadoran society generally recognizes, as a distinct social group, small business owners who are women. *See Conde Quevedo*, 947 F.3d at 1242-43. Thus, the BIA did not err in concluding that Palacios-Palacios failed to establish membership in a cognizable particular social group.

Because Palacios-Palacios failed to show "membership in a particular social group" and has not based her asylum claim on any other protected ground, her asylum claim fails. 8 U.S.C. § 1101(a)(42). Similarly, Palacios-Palacios is not eligible for withholding from removal because withholding applicants, like those

3

seeking asylum, must prove a nexus between persecution and a protected ground, which she has failed to do. 8 U.S.C. § 1231(b)(3).

**2.** We review denial of CAT relief for substantial evidence. *Silva-Pereira*, 827 F.3d at 1184. Substantial evidence supports the BIA's determination that Palacios-Palacios is not eligible for CAT relief. She has not shown a clear probability of torture if removed to El Salvador by either government officials or private actors with government acquiescence. Police refusal to investigate the death threats and extortion Palacios-Palacios reported does not "compel the conclusion that the police acquiesced in the attack" and thus does not support the claim of future acquiescence in future attacks. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

**3.** "We review an IJ's decision to deny a request for continuance for abuse of discretion" and apply a non-exhaustive four-factor test to determine whether the IJ abused its discretion. *See Cui v. Mukasey*, 538 F.3d 1289, 1290, 1292 (9th Cir. 2008) (noting the factors are "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted"). The IJ did not abuse its discretion because three of the four factors favor the government.

The first factor favors Palacios-Palacios. She sought a continuance to find an expert to support her proposed social group, and the BIA denied her claim for

asylum based on its finding that Palacios-Palacios's proposed social group was not cognizable. The potential evidence offered by the expert could have been important. The second factor favors the government. Palacios-Palacios has not explained why she could not find the expert prior to the hearing. Her claim rested on her proposed social group, she was represented by counsel the entire time, and she had approximately two years before the hearing to locate an expert. The third factor likewise favors the government: the inconvenience to the court was more than minor. Palacios-Palacios requested the continuance at the end of the merits hearing, after the IJ was ready to rule. The IJ would have had to reschedule the rehearing for a later date and devote additional resources to the case. *Cf. id.* at 1295 (finding no inconvenience to the court because the time was already reserved for a merits hearing). The fourth factor also favors the government because Palacios-Palacios was previously granted several continuances to help her prepare her case. *Cf. id.* (finding this factor favored petitioner because "the delays were a result of the government's requests and the IJ's busy calendar").

The petition for review is **DENIED**.